Where the plaintiff, in a general action of account, declared, that the defendant received of the plaintiff, on board a sloop bound to a certain port, certain enumerated articles, the proper goods of the plaintiff, to transport, sell and dispose of; it was held, that a writing given by the defendant to the plaintiff, acknowledging the receipt of goods, which was to entitle the plaintiff to one sixth part of the profits of the cargo, at the return of the voyage, was not admissible to prove the declaration, as it went to shew a liability different from that stated: And it did not render the evidence less irrelevant, that the plaintiff had set forth the writing in his declaration, and assigned a breach of the contract therein expressed.

## HUGHES and GRANNIS *against* BARNEY and SMITH.

THIS was an action of account, wherein the plaintiffs declared, " that the defendants, at *Georgetown* in the state of *South-Carolina*, on the 13th of *April* 1812, being masters of the sloop *Three Sisters*, then bound on a voyage to *Charleston*, and elsewhere, thence back to *Georgetown*, received of the plaintiffs on board said sloop, of the proper goods of the plaintiffs, [specifying the articles] to transport to *Charleston*, and elsewhere, and to sell and dispose of the same to the best advantage of them the plaintiffs, and returns make, and their reasonable account render to the plaintiffs, when thereto required." The declaration then stated, " that the defendants, thereupon, at said *Georgetown*, on said 13th of *April*, 1812, made and executed their certain writing or receipt, in the words and figures following, *viz.* Received on board the sloop *Three Sisters*, the above goods, which is to entitle *Hughes* and *Grannis* to their part of loss and gain in the cargo that is on board, that is, the third of the one half to be paid to *Hughes* and *Grannis*, at the return of the voyage. *Georgetown*, *April* 13th, 1812.            *Elihu Smith*,

                                                    *Hanover Barney*."

The plaintiffs further averred, " that said voyage has long since been returned, and the defendants have long since disposed of said cargo and goods ; yet the defendants have never paid to the plaintiffs the third of the one half of the avails of said cargo, although the defendants have made great gain, *viz.* the sum of 3000 dollars, by the sale and disposition of said cargo ; nor have the defendants, though often requested thereto, ever made any return to the plaintiffs of said articles of goods, nor any part thereof, nor rendered to the plaintiffs any account, but have wholly neglected and refused so to do."

On the trial at *New-Haven*, *August* term, 1818, before *Swift*, Ch. J., and *Brainard* and *Chapman* Js., the plaintiffs offered the writing recited in the declaration, as proof to support the declaration. The defendants admitted the execution of the writing, but objected to its being read to the jury as evidence in the cause, on the ground that it was irrelevant. The court sustained the objection, and excluded

the writing. The plaintiffs excepted to this decision of the court, and, after a verdict against them, moved for a new trial, on that ground. The motion was reserved in the usual manner.

*New-Haven,*
November,
1818.

Hughes
*v.*
Barney.

*Staples* and *Kimberly*, in support of the motion, contended, that the writing offered in evidence, by the plaintiffs, was admissible, 1. Because it proves that the articles were *received*, by the defendants, as charged in the declaration.

2. Because it shews, that they were received, by the defendants, *to be accounted for.*

3. Because it conduces to prove, that they were to be accounted for, *in the manner stated.*

*Bristol*, contra, after remarking, that the declaration calls upon the defendants to account for goods, the property of the plaintiffs, contended, that the writing in question does not conduce to prove such declaration, for these reasons. 1. That it only proves, that the plaintiffs and defendants were jointly interested in certain goods on board the *Three Sisters.*

2. That when the plaintiffs claim, that the defendants have received property of them, to sell and account for, they cannot recover, under such a declaration, by shewing that they, with the defendants, were jointly interested in the property.

3. That the setting forth of the writing in the declaration, does not make it proper evidence. The plaintiffs cannot claim, that they have two counts, one for goods owned by themselves, and one for goods owned jointly by them and the defendants. That part of the declaration, which sets forth the writing, does not state any case, or distinct cause of action. It merely sets forth certain evidence, which the plaintiffs say they have to support the allegations in the declaration, and which does not conduce to prove those allegations. It is, therefore, to be regarded as surplusage.

*N. Smith*, on the same side, was stopped by the Court.

SWIFT, Ch. J. This is a general action of account. The plaintiff has recited a certain writing, acknowledging the receipt of " the above goods :" but there is no allegation,

that the above goods were the goods described in the declaration, or what goods they were. The allegation, then, respecting the receipt, is a mere nullity, and cannot constitute a distinct count, to prove which the writing would be relevant.

The writing or receipt offered in evidence not only disproved the allegations of the plaintiff in his declaration, but clearly proved an entirely different contract, or engagement, from the one declared on ; and that the defendant was not accountable in the manner claimed by the plaintiff. The evidence, therefore, was not relevant ; and was properly rejected by the court.

GOULD, J. The declaration charges the defendants, as bailiffs of certain enumerated articles, " *the proper goods of the plaintiffs,*" and of which the defendants have rendered no account. The writing, offered in evidence, in support of the declaration, shows, not that the defendants were bailiffs of any of the proper goods *of the plaintiffs ;* but that they had received the enumerated articles, as part of a *cargo,* of which they and the plaintiffs were joint owners, and of the *whole* of which the plaintiffs were entitled to one sixth part of the avails. But the evidence, to be relevant, ought to show a liability, on the part of the defendants, to account for the particular goods described, and in the *manner stated,* in the declaration : whereas the writing goes to prove a liability to account, not only in a manner, entirely different from that alleged, but even for different property ; *i. e.* for one sixth of the entire cargo, instead of the *whole* of the enumerated articles, which formed a part of it.

There is, however, a singular twofold breach laid, which, it is contended, obviates this objection. It is not, as has been claimed in the argument, a different statement of the contract, in the nature of a second count ; but an assignment of the breach, with a sort of double aspect : one part of it referring to the contract, expressed in the writing ; and the other, to that previously alleged in the declaration. But the first breach, or (if it may more properly be so called) the first part of the breach, assigned, is not within the contract, *stated,* nor the second within that, contained in the *writing, recited.* Nor can the recital of the writing make the least difference in the case. It is merely a statement of

evidence; and a plaintiff cannot, by reciting evidence, render it admissible, where it would not, otherwise, be so. It is, in neither case, admissible, unless he has alleged a cause of action, to which it is applicable. The writing in question was, therefore, properly rejected.

The other Judges were of the same opinion.

New trial not to be granted.